IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

| | | |
|---|---|---|
| PHOEBE CURTIS, Individually and as Next Friend of BENJAMIN CURTIS,<br><br>Plaintiff,<br><br>v.<br><br>COUNSELING CONSULTANTS, INC. and TRUSTMARK LIFE INSURANCE COMPANY,<br><br>Defendants. | § § § § § § § § § § § § § § | C.A. No. 2:08-CV-0175-WRW |

## AGREED PROTECTIVE ORDER

Plaintiff Phoebe Curtis, individually and as next friend of Benjamin Curtis, and Defendants Trustmark Life Insurance Company and Counseling Consultants, Inc., hereafter referred to individually and collectively as "Party" or "Parties," stipulate by and through their counsel of record in the above-styled and numbered cause (the "Action") that:

1.  A Party may designate as "Confidential" any testimony, documents, discovery responses, records or tangible things served or produced by that Party in response to formal discovery demands, disclosures, or subpoenas, which the Party so designating in good faith asserts contain, reflect, refer to, disclose, or constitute any information protected by the Health Insurance Portability and Accountability Act or any trade secrets, confidential, financial, business, client, or proprietary information of the Party so designating (information designated as "Confidential" shall collectively be referred to herein as "Confidential Information"). In order to designate documents, records, or tangible things as Confidential Information, the producing Party shall stamp each page of such material as "Confidential" and, in the case of information

produced in electronic format, the producing Party shall stamp the CD containing the electronic data as "Confidential."

2. The Parties shall not disclose or use any Confidential Information, or copies thereof, other than in accordance with the terms and conditions of this Protective Order.

3. Confidential Information shall not be used or communicated for any purpose other than the conduct of this Action. No one shall be permitted access to Confidential Information except for the prosecution or defense or appeal of this Action, except that a Party may use their own Confidential Information for any purpose.

4. Confidential Information may be disclosed only to the following:

(a) The receiving Party's counsel of record and counsel's employees to whom it is necessary that such information be shown for purposes of conducting the Action;

(b) Experts and consultants retained by counsel for the receiving Party for the conduct of the Action so long as they first sign the Declaration attached as Exhibit A (which shall be retained by counsel) and thereby agree to be bound by the Agreed Protective Order;

(c) The receiving Party and the receiving Party's officers, employees, agents, and representatives, who assist counsel for the receiving Party in the conduct of the Action;

(d) Deponents of the Parties at their depositions and such court reporter personnel only to the extent necessary for purposes of conducting the Action;

(e) Third-party witnesses to whom it is necessary that such information be shown for purposes of conducting the Action, as long as they first sign the Declaration attached as Exhibit A (which shall be retained by counsel) and thereby agree to be bound by the Agreed Protective Order; and

(f)   The Court (including Court personnel and jurors) in accordance with the provisions of paragraph 5 of this Protective Order.

5.   Confidential Information may be filed with the Court only under seal as provided by Local Rule or as follows: the designated documents or materials shall be placed in a sealed envelope or other appropriately sealed container on which shall be stated (i) the name and caption of the Action; (ii) the name of the Party filing the sealed envelope or the container; and, (iii) a statement substantially in the following form:

> This envelope (or container) is sealed pursuant to a Protective Order, and is not to be opened nor the contents thereof displayed or revealed to anyone other than counsel of record in this action or employees and agents of the Court, except pursuant to stipulation of the producing Party or order of the Court.

6.   Confidential Information may be used in deposition proceedings in the Action and marked as exhibits to depositions only as follows:

(a)   If a Party asserts confidentiality with respect to all or any portion of deposition testimony and/or deposition exhibits, that Party shall, during the deposition or within twenty (20) business days after the deposition transcript is received by the Party, designate in writing to opposing counsel with specificity the portions of the deposition and/or deposition exhibits with respect to which confidentiality is asserted.

7.   This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal privilege or protection of a Party or person with respect to any Confidential Information. The fact that any materials are designated "Confidential" pursuant to this Protective Order shall not affect or operate as a means of objection to the admissibility of any such material. The fact that materials are designated as "Confidential" pursuant to this Protective Order shall not affect what a trier of fact in the Action or any other proceeding may

find to be confidential or proprietary. However, absent a court order, written agreement of the Parties hereto to the contrary, or as provided herein, no Party may disclose or use any Confidential Information obtained from another party through discovery in this Action other than in accordance with this Protective Order. Any Party may challenge the other Party's designation of a document or testimony or portion thereof as "Confidential." The Party shall not be obliged to challenge the proprietary of a "Confidential" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation takes issue at any stage of these proceedings at or before trial with such designation, such Party shall provide to the producing Party written notice of its disagreement with a designation. The Parties shall confer to determine whether the dispute can be resolved without the need for Court intervention. If the dispute cannot be resolved by mutual agreement, the Party challenging the designation may seek a ruling on its challenge from the Court by motion, giving at least 7 days advance written notice to the producing Party. The fact a document has been designated as "Confidential" shall not prejudice a Party's right to move the Court to challenge the designation of the document as "Confidential," and in connection with the Court's review of the designation, the burden of establishing that the document contains a trade secret, confidential research, development, or commercial information, or personal and confidential information, shall remain on the Party making the designation.

8.  Neither the taking of, nor the failure to take, any action to challenge any designation of confidentiality pursuant to this Protective Order or to enforce the provisions of this Protective Order shall constitute a waiver of any right, claim, or defense by a Party in this Action.

9. Other than is specifically provided herein, this Protective Order does not expand or limit the scope of discovery or the rights and the obligations of any Party with respect thereto in the Action or any other proceeding.

10. Nothing in this Protective Order shall preclude any Party from moving this Court to modify this Protective Order or seeking any alternative or additional protection with respect to the use and disclosure of any documents or materials.

11. Within thirty (30) days of receipt of a written request by the producing Party, after final termination, settlement, or dismissal of this Action, counsel for a Party who has received Confidential Information from such producing Party will return all such Confidential Information in its possession, custody, or control, and all portions, summaries, abstracts, indices, or copies thereof (except to the extent that any of the foregoing includes or reflects such counsel's work product) to counsel for the Party who provided them, or will certify in writing to counsel for the Party who provided them that all such Confidential Information has been destroyed.

12. This Protective Order may be amended or modified only by written stipulation of the Parties or by order of the Court.

SIGNED this 2nd day of ~~February~~ March, 2009.

_____
UNITED STATES DISTRICT JUDGE

**AGREED:**

By: /s/ Luther Oneal Sutter
    Luther Oneal Sutter
    Ark. Bar No. 95031

HARRILL & SUTTER, PLLC
Attorneys at Law
P.O. Box 2012
Benton, Arkansas 72018
(501) 315-1910
(501) 315-1916

ATTORNEYS FOR PLAINTIFF


By: /s/ Lawrence W. Jackson
    Lawrence W. Jackson
    Ark. Bar No. 92194

Attorney at Law
66 Military Road
Marion, Arkansas 72364
(870) 739-1888
(870) 739-5561 (Fax)

ATTORNEYS FOR DEFENDANT
COUNSELING CONSULTANTS, INC.


By: /s/ Andrew G. Jubinsky
    Andrew G. Jubinsky
    Texas Bar No. 11043000
    Raymond E. Walker
    Texas Bar No. 24037663

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (Fax)

ATTORNEYS FOR DEFENDANT
TRUSTMARK LIFE INSURANCE COMPANY

## EXHIBIT "A"

## DECLARATION

1. My name is _____. I am over the age of twenty-one (21) and have personal knowledge of the matters set forth herein.

2. I have read the Agreed Protective Order in the action styled *Phoebe Curtis v. Counseling Consultants, Inc., et al*, Case No. 2:08-CV-0175 WRW (the "Action"), a copy of which has been provided to me.

3. I have been informed by _____, counsel for _____, that Confidential Information, as defined in the Agreed Protective Order, may be shown to me for purposes of conducting the Action.

4. I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device any Confidential Information shown or told to me except as authorized in the Agreed Protective Order. I further represent that I will not use any Confidential Information for any purpose other than the Action, and that at the termination of the Action, I will return all Confidential Information with which I have been provided, and copies thereof, to the counsel from whom I received such Confidential Information.

5. I will abide by the terms of the Agreed Protective Order.

6. For the purpose of enforcing the terms of the Agreed Protective Order, I hereby submit to the jurisdiction of the Court in the Action.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this _____ day of _____, 2009.

By: _____
Name Printed: _____